### E. W. Worthington *v.* C. D. Donnelly.

**New Trial—Instructions.**

> Even if there is error in giving an instruction, if it be not made a ground for a new trial in the court below, the Court of Appeals cannot consider such error.

#### APPEAL FROM LOGAN CIRCUIT COURT.

November 16, 1877.

Opinion by Judge Pryor:

If an error exists at all in this case it must grow out of the instructions given, and as the giving or the failure to give instructions was not made one of the grounds for a new trial in the court below, this court cannot consider such error, if any, on the appeal. The object in requiring the motion for a new trial, and that the grounds should be alleged, is to enable the court trying the cause to correct the error complained of, and for this reason the attention of the court must be called to the cause of complaint. The party making the motion is not required to be so definite in his statement or grounds for a new trial as to call the attention of the court to the particular error. That the court erred in giving instructions for the plaintiff or in refusing instructions for the defendant, would be sufficient to direct the attention of the court to the instructions, but to say that the court should grant a new trial "for error of law occurring during the trial, which was excepted to at the trial" is too general and indefinite to apprise the court of the error and require a

consideration of the entire case.   Such a ground has universally been held insufficient by this court.   There is no affidavit showing what the newly discovered evidence was, or anything showing accident or surprise.   The assignment of errors here cannot cure the error of the appellant in assigning his grounds for a new trial below.   The error complained of here is in giving and refusing instructions.

Judgment *affirmed*.

*J. S. Galloday, for appellant.   W. L. Browder, for appellee.*